**In re CHILCOTE CO.**

Cr. No. 19609.

United States District Court
N. D. Ohio, E. D.

Jan. 3, 1949.

directed to the Chilcote Company and ordered it to appear and produce certain documents "in the District Court of the United States for the Northern District of Ohio" on December 1, 1948 at 9:30 a.m., "then and there to testify on behalf of the United States and not depart the court without leave of the United States Attorney."

On December 1, 1948, counsel for The Chilcote Company tendered some documents to Mr. Oberg, an assistant to Mr. Derr of the Anti-Trust Division, together with a letter from the law firm of Thompson, Hine and Flory stating that "the documents delivered herewith constitute the complete response of this company to the subpoena heretofore served upon it."

Although Mr. Oberg stated that he had no authority to appear before the Grand Jury he accepted the papers and signed the receipt. No person appeared before the Grand Jury on either December 1st or December 2nd to produce the papers or to testify for the corporation in response to the subpoena.

The subpoena was a valid one directed to The Chilcote Company and served personally upon the company's president. Counsel for respondents conceded that it was a valid subpoena and for that reason had made no earlier challenge or motion to quash. The subpoena contained duces tecum provisions requiring the production before the Grand Jury of specific, as well as other papers, relating to correspondence with named concerns. Also, the subpoena contained an ad testificandum clause.

Although respondents' counsel made objection to the method of procedure adopted by the Government, and probably it was not strictly in accordance with Federal Rules of Criminal Procedure, rule 42, 18 U.S.C.A., nevertheless adequate notice was given of the hearing and counsel for respondents stated that his case was fully prepared.

Treating the Government's motion and notice as tantamount to a rule to show cause the matter was heard fully upon the merits and submitted on oral argument and briefs.

Don C. Miller, Dist. Atty., Cleveland, Ohio, for plaintiff.

C. W. Sellers, Cleveland, Ohio, for defendant Chilcote.

JONES, Chief Judge.

On November 16, 1948, A. A. Chilcote was duly served with a subpoena duces tecum and ad testificandum as president of The Chilcote Company. The subpoena was

■ It was the duty and responsibility of the president as chief executive officer of the corporation either to present himself or to send such officer or responsible representative of the corporation who could respond to the requirements of the subpoena, and he or the one selected by him should have attended the session of the Grand Jury on the date fixed by the subpoena and awaited questioning, dismissal or other action by that body. This required response seems clearly implicit in the decisions of the Supreme Court relied upon, and this is so even if the Wilson case [Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas. 1912D, 558], did not involve ad testificandum provisions. I cannot subscribe to the proposition that an ad testificandum provision in a subpoena directed only to a corporation is mere surplusage. These matters must of necessity be handled in a practical manner so long as corporate and personal rights are observed and preserved. It certainly would not be desirable even from the standpoint of the corporation to subpoena all the officers or responsible executives of the company to make sure that the papers or information desired by the Grand Jury would be produced.

There could be no point, as it seems to me, in holding, as the High Court does, that a corporation is amenable to subpoena but place no responsibility upon its chief executive for fulfilling the requirements of the subpoena. A corporation only can act or respond by and through its responsible executives and certainly not through a messenger when a subpoena calls for attendance and testimony.

■ It is assumed that the principal defense for failure to respond to the subpoena is, that it was upon advice of counsel that the president or other responsible executive was not legally required to attend the Grand Jury session and testify if called upon. Of course, action taken on advice of counsel can not thus be defended, but it may be considered in mitigation of failure to comply. It is the duty of an attorney-at-law to advise his client and preserve his rights to the best of his understanding, but compelling legal reason and genuine apprehension of irreparable loss of rights only would justify advice to disregard the clear and solemn mandate for attendance issued out of a court of competent jurisdiction. Candidly, I can see no sound reason why the president or other responsible officer of the corporation could not just as conveniently have presented himself before the Grand Jury with the papers requested as to have them delivered, unidentified, by a messenger to the office of a member of the Anti-Trust Division attorney staff, who had no authority to waive the requirements of the subpoena of this Court. This was not an appearance in the District Court as commanded by the subpoena; and there was no response to the express command of the subpoena, even if one should concede that a delivery of papers to the Grand Jury by a messenger was all that was required.

Certainly I should not believe that any court would reject a claim of immunity, timely asserted, by an officer or a representative of a corporation, on any theory that such officer or representative responding to a subpoena directed only to a corporation was a volunteer and not entitled to make such claim. But no question of immunity ever arose in this case since no one appeared before the Court or the Grand Jury in response to the subpoena.

Failure of a responsible officer, or some one designated by him, to appear before the Grand Jury in response to a subpoena duces tecum with ad testificandum clause, duly served upon him, although directed only to the corporation of which he is the responsible head, hardly can be considered other than contempt of court.

Judgment in contempt is therefore ordered; but, since the failure to respond to the subpoena according to its command does not appear to have been wilful or contumacious, the judgment of contempt and the payment of costs will be considered, at once, as vindication of the Court's authority in such matters and a purge of the contempt.